UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-02047-DJC-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COURT OF APPEAL, | |
| Defendant. | |

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed a motion for leave to proceed in forma pauperis.  ECF No. 2.

The Prison Litigation Reform Act of 1995 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This court has determined that plaintiff is subject to § 1915(g).  *Khademi v. Legislature of California*, No. 2:23-cv-1861 KJM AC P, 2023 U.S. Dist. LEXIS 168451, at *4

1

(E.D. Cal. Sept. 20, 2023).  As a "three strikes" litigant, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g).").

Plaintiff has not alleged facts which suggest that he is under imminent danger of serious physical injury.  While plaintiff's claims are mostly inscrutable, he appears to challenge actions by a state court with respect to his criminal cases.  ECF No. 1.  Plaintiff claims to have been injured, but these alleged injuries bear no apparent connection to the allegations of the complaint and do not indicate an imminent danger.

Because plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under 1915(g), plaintiff should be denied in forma pauperis status and be required to pay the full filing fee in order to proceed with this action.

Accordingly, it is hereby RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.  Plaintiff be directed to pay the filing of $402.00 in full within fourteen days after any order adopting these findings and recommendations and admonished that failure to timely comply will result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.

/////

/////

/////

/////

1   Such a document should be captioned "Objections to Magistrate Judge's Findings and
2   Recommendations."  Failure to file objections within the specified time may waive the right to
3   appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
4   v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 19, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE